**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

MICHAEL McLAUGHLIN                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 4:13cv18-HSO-RHW

MICHAEL J. ASTRUE                                                     DEFENDANT

<u>REPORT AND RECOMMENDATION</u>

This case is before the Court following *sua sponte* review of the pleadings and docket

entries on file.  On January 28, 2013, Michael McLaughlin filed his complaint for judicial review

of a decision of the Commissioner of Social Security.  On January 29, 2013, the Court entered

[3] its order regarding the briefing schedule in cases for review of Social Security decisions, and

mailed a copy of same to the Plaintiff.  That order required that within 30 days after Defendant

filed its answer and transcript of the record, the Plaintiff "must file and serve a memorandum

brief setting forth all errors which Plaintiff contends entitle Plaintiff to relief."  The order further

detailed the information the brief must contain.

The docket reflects that the Commissioner of Social Security filed his answer [11] and the

administrative record [12] on June 5, 2013, making Plaintiff's memorandum brief due on or

before July 5, 2013.  Plaintiff filed no memorandum brief, nor any motion for extension of time

to do so.  On August 7, 2013, the Court entered [13] an order requiring that by August 27, 2013,

the Plaintiff respond in writing to show cause why this case should not be dismissed for his

failure to file the memorandum brief required by Order [3].  Plaintiff did not respond to the Show

Cause Order, and has not requested any extension of time to do so.  The undersigned has

nonetheless reviewed the administrative record and finds substantial evidence supports the

factual findings of the Administrative Law Judge and the Commissioner, and that the

Commissioner applied correct legal standards to reach the decision McLaughlin challenges.

      In his complaint, McLaughlin states he believes he was treated unfairly and that the

Administrative Judge did not consider evidence from Mobile Infirmary, East Alabama Medical

in Opelika, AL and Providence Hospital in Mobile AL.  He states he would like his entire

medical record reviewed and that he believes

> ...his entitlement should be base on Exhibit D12F, a report written and submitted
> by the Social Security Administration physician, Dr. Stephen Eugene Massey
> M.D. on March 5, 2010, which stated the Plaintiff have a medical impairment that
> affect Plaintiff ability to perform work related activities.

[1, pp. 1-2]  Exhibit 12F [12, pp. 258-268] was submitted to the Appeals Council on review of

the ALJ decision, and consists of a duplicate of Dr. Massey's March 5, 2010 report which also

appears in the record as Exhibit 6F [12, pp. 238-43], and various billing statements.  [12, pp.

259-64]  McLaughlin states he is seeking a judgment for "full disability due to his health in

order for the Plaintiff to receive the medical attention, shelter, food, clothes and transportation he

needs."  [1, p. 2]

      McLaughlin filed his application for disability benefits and supplemental security income

on March 30, 2011, claiming he had been disabled since October 15, 2010.[1]  His claims were

denied initially on October 5, 2011, and on rehearing on November 16, 2011.  At Plaintiff's

request, Administrative Law Judge Margaret M. Sullivan conducted a hearing on the matter on

April 6, 2012, which was attended by Plaintiff, his non-attorney representative Martha Allen, and

Vocational Expert Katrina S. Virden.  McLaughlin testified at the hearing that he has not worked

---

[1]The record indicates McLaughlin previously received Social Security benefits for a period of time around 1988, for sarcoidosis, but those benefits were stopped around 1999 and he was required to try other work.  [12, pp. 28, 113, 117]

since October 15, 2010, when he was 48 years old.  His medical conditions include pulmonary

sarcoidosis, arthritis, high blood pressure, chest and back pain and rectal bleeding.  He testified

he quit working in 2010 due to cramping in his hands, and that his last job was driving for S & T

Transportation.  [12, pp. 29-30]  Although McLaughlin testified at the hearing that he has only an

eighth grade education [12, p. 29], he has stated in other filings in the case that he has a GED,

which he received in 2000.  [12, pp. 121-122, 51-52]

   With respect to daily activities, McLaughlin testified he is able to bathe, dress himself,

wash clothes, sweep, prepare sandwiches or microwave food, wash dishes and sometimes

vacuum his room and the living room.  He has a driver's license, and stated he can probably drive

4-5 hours but then would get cramps in his hands.  He testified he quit working because he could

not keep driving due to cramps in his hands.  McLaughlin claims he cannot work because of

pain. [12, pp. 32-37]

   Vocational expert Katrina Virden testified McLaughlin's relevant work history consists of

being a shuttle bus driver which is classified as medium, semi-skilled work; a security guard for a

state prison - jailer - which is light, semi-skilled work; a tire changer which is heavy, semi-skilled

work ; and a construction laborer which is heavy, unskilled work.  Considering an individual of

the same age, educational background and work history as McLaughlin, who is limited to light-

duty work with restrictions to avoid exposure to fumes, dust and extreme heat, Virden testified

McLaughlin could work as a jailer, a cafeteria attendant, or cashier, and that there are such jobs

available in the nation and state.  [12, pp. 38-40]

   At the hearing, ALJ Sullivan received into evidence exhibits documenting Plaintiff's

medical treatment.  Those exhibits show McLaughlin was treated in July 2006 at South Central

Regional Medical Center, with a principal diagnosis of chest pain, and a cardiac work-up which

was within normal limits.  [12, pp. 173-94]  He was treated at the Wayne General Hospital in

March 2008 for complaints of lower back pain, and had a negative lumbar spine exam.  [12, pp.

195-99]  McLaughlin's records show he visited Diagnostic and Medical Clinic in Mobile, AL

twice.  On March 30, 2007, he was seen for arm discomfort, some shoulder pain and hands

tending to swell, and Dr. Gottlieb noted he "otherwise seems to be healing pretty good," and

would be monitored to see whether further arthritis work-up was needed.  On November 11,

2009, McLaughlin complained of some intermittent cramps in his chest and arms, but the

examiner did not "find too much in the way of any problems," finding his examination

"essentially benign."  McLaughlin was placed back on a blood pressure medication.  [12, pp.

200-01]  Forrest General Hospital x-rays taken March 3, 2010 showed unremarkable cardiac and

mediastinal silhouettes, lung fields were "normally aerated and free of infiltrate or effusion.  The

bony thorax is unremarkable," with "[n]o acute abnormality detected." This was also the

impression of x-rays of the hips on that date which showed no evidence of fracture, dislocation or

degenerative change, and SI joints, left hip and pelvis were "unremarkable."  [12, pp. 217-18]

Dr. Stephen Massey is with Southern Urgent Care in Hattiesburg.  [12, p. 238]

McLaughlin testified he went there one time.  [12, p. 30]  Dr. Massey's March 5, 2010 report

reveals an essentially normal examination:  McLaughlin had no difficulty getting on and off the

examination table, was able to lay straight back on the table; he had full cervical range of motion

in the neck but indicated pain with extremes of motion; he had normal heart sounds and his lungs

were clear; he had full range of motion of the joints of the upper limbs, with pain in both

shoulders on full rotation, no tenderness of left upper arm, limited external rotation of the hips,

but otherwise full range of motion of the joints of the lower limbs; there was minor tenderness of

the upper lumbar spine, but full lumbar range of motion and no back spasms, scars or

deformities; normal gait with ability to squat and walk heel-to-toe; no motor or sensory abnormality, no atrophy and normal pulmonary function studies.  Dr. Massey concluded that McLaughlin "has medical impairments that affect his ability to perform work related activities," and "should avoid excessive and prolonged walking, excessive climbing and heavy lifting.  There is no other limitation seen."  [12, pp. 238-243, 265-268]

As ALJ Sullivan noted, since the alleged date of onset of disability (October 25, 2010) McLaughlin has received primary care at The Good Shepherd Clinic, where he was seen from February 2011 until February 2012, for medication refills and various complaints of joint pain, pressure in his chest, swelling in the extremities, back pain, burning sensations in his feet, hand cramps, urinary leakage, depression and hypertension.  These records contain no objective test results to corroborate McLaughlin's claims that he is unable to work.  [12, pp. 202-11, 237, 244-57]  On August 30, 2011 McLaughlin was seen at Forrest General Hospital for complaints of low back pain and chest pain, with the treating physician noting that McLaughlin was primarily concerned with the back pain.  A lumbar spine x-ray was negative for any abnormalities.  [12-pp. 224-29]

At a consultative examination performed in August 2011 by Dr. Anthony C. Fouts, McLaughlin stated had a lot of joint pains and is tired a lot.  A chest x-ray at that time was read as normal despite the history he gave of sarcoidosis.  McLaughlin reported occasional chest pains lasting a few seconds, which come and go.  He stated he spends his time at home watching television, though he can get out and walk, but he gets tired as he walks.  He also said if he uses his hands for manual labor he gets cramps and has to stop.  Dr. Fouts' examination was essentially normal, and he stated that other than by  history, he had "no objective basis to better

define" McLaughlin's complaints of tiredness and shortness of breath, and concluded he "would have to say history of pulmonary sarcoidosis, current status unknown."  [12, pp. 213-16]

ALJ Sullivan observed that, "Due to a lack of objective findings, this case is primarily centered on the claimant's subjective complaints.  As such, the issue of credibility is very important.  In this case the claimant's allegations of debilitating symptoms and limitations are not credible." [12, pp. 16-17]  While she found that McLaughlin has some limitations in his ability to engage in certain activities, she concluded, upon "careful consideration of the entire record," that he remained capable of performing light work, and was therefore not disabled, as defined by the Social Security Act, from October 15, 2010 through the date of her decision (June 8, 2012).  [12, pp. 17-19] The Appeals Council denied McLaughlin's request for review November 28, 2012.

## Standard of Review

Judicial review of a final decision of the Commissioner is limited to determining whether substantial record evidence supports the Commissioner's factual findings, and whether the Commissioner's decision is reached through the application of correct legal standards.  *Falco v. Shalala*, 27 F. 3d 160, 162 (5th Cir. 1994).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).   It is more than a scintilla, but less than a preponderance.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Villa v. Sullivan*, 895 F. 2d 1019, 1021-1022 (5th Cir. 1990).  The Fifth Circuit has elaborated that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"  *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.1988)(quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983));

*Abshire v. Bowen*, 848 F.2d 638 , 640 (5th Cir. 1988); *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983); *Hemphill v. Weinberger*, 483 F.2d 1137, 1139 (5th Cir. 1973).

In applying this standard, the Court reviews the entire record to determine whether substantial evidence supports the Commissioner's decision. *Villa v. Sullivan*, 895 F. 2d at 1022. Credibility of witnesses and conflicts in the evidence are issues for resolution by the Commissioner, not the Court. The Court may neither substitute its judgment for that of the Commissioner nor re-weigh the record evidence. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) and citing *Johnson v. Bowen*, 864 F. 2d 340, 343-44 (5th Cir. 1988)); *Selders v. Sullivan*, 914 F. 2d 614, 617 (5th Cir. 1990). Factual findings supported by substantial record evidence are conclusive and must be upheld. *Id.*; 28 U.S.C. § 405(g). Although the Court may reverse the Commissioner's decision if it is based upon faulty legal analysis, the Court should accept the Commissioner's legal conclusions if they are within reasonable meanings of the statutory or regulatory language. Absent a finding that the decision is unsupported by substantial evidence or that the Commissioner applied an incorrect legal standard, the Court must affirm the Commissioner's determination. *Boyd*, 239 F.3d at 704.

## Law and Analysis

As the one claiming disability benefits, McLaughlin bore the burden of proving a medically determinable physical or mental impairment lasting at least twelve months that prevents him from engaging in substantial gainful activity. 42 U.S.C. § 423 (d)(1)(A); 20 C.F.R. § 416.912; *Masterson v. v. Barnhart*, 309 F. 3d 267, 271 (5th Cir. 2002); *Selders v. Sullivan*, 914 F. 2d at 618; 20 C.F.R. § 404.1505(a). To the extent that his disability claim is based on pain, it was his burden to produce "objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged." *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir.

1989)(citing *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir.1985)).  Based upon the record

evidence discussed above, and the fact that the ALJ applied the required five-step sequential

evaluation process to determine whether McLaughlin was disabled, the undersigned finds the

Commission's factual findings are supported by substantial record evidence, that proper legal

standards were applied in evaluating McLaughlin's claim, and that the medical evidence as a

whole, including Dr. Massey's report, supports the ALJ's finding that McLaughlin is not

precluded from performing light-duty work.

## RECOMMENDATION

Upon consideration of the entire record of the proceedings below and the controlling law,

the undersigned is of the opinion that the final decision rendered by the Commissioner is

supported by substantial evidence and is in accord with relevant legal standards.  Accordingly,

the undersigned recommends that the decision of the Commissioner be affirmed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District

Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1,

2011), after service of a copy of this Report and Recommendation, each party has fourteen days

to serve and file written objections to it.  Objections must be filed with the clerk of court and

serve upon the other parties and submitted to the assigned District Judge.  Within seven days of

service of the objection, the opposing party must either serve and file a response or notify the

District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects; the District Court need not consider frivolous, conclusive,

or general objections.  A party who fails to file written objections to the proposed findings,

conclusions, and recommendations within fourteen (14) days of being served a copy shall be

barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 29th day of October, 2013.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE